UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY A. LOMAX,

        Petitioner,

  v.                                    CAUSE NO. 3:25-CV-464-PPS-JEM

WARDEN,

        Respondent.

## **OPINION AND ORDER**

Bobby A. Lomax, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction in Marion County for dealing in cocaine under Case No. 49G02-9503-PC-29727. [DE 1]. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, I must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

### **Background**

The petition and public records reflect that Lomax has a complex criminal history.[1] As it pertains to this case, Lomax pleaded guilty to one count of dealing in cocaine in August 1995. *Lomax v. State*, 251 N.E.3d 554 (Table), 2024 WL 5074825, at *1 (Ind. Ct. App. 2024). He was sentenced to six years in prison, to be served concurrently

---

[1] I am permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

with a sentence imposed in another case.[2] *See State of Indiana v. Lomax*, No. 49G02-9503-PC-029727 (Marion Sup. Ct. closed Oct. 12, 1995.) He did not appeal his conviction. *Lomax*, 2024 WL 5074825, at *1.

28 years later, in February 2023, Lomax filed a post-conviction petition in Marion Superior Court. *Lomax v. State of Indiana*, No. 49D28-2302-PC-003489 (Marion Sup. Ct. closed Feb. 6, 2023.) It was originally treated mistakenly as an unauthorized successive petition and denied. *Id.* However, in March 2023, it was determined that Lomax had not previously sought post-conviction relief related to that particular conviction, and the case was reopened under a new docket number. *Lomax v. State of Indiana*, No. 49D28-2303-PC-008449 (Marion Sup. Ct. closed Dec. 11, 2024.)

In the post-conviction proceeding, Lomax argued that he received ineffective assistance of counsel in connection with his guilty plea because his counsel should not have advised him to plead guilty to being a habitual offender. *Lomax,* 2024 WL 5074825, at *1. Following an evidentiary hearing, the trial court denied the petition, finding that Lomax had not been sentenced as a habitual offender in the 1995 cocaine-dealing case and so his claim lacked merit. *Id.* He appealed. *Id.* In December 2024, the Indiana Court of Appeals affirmed the denial of post-conviction relief, concluding that "there is no habitual-offender enhancement to challenge in this case" and that "Lomax appears to be conflating this case with another." *Id.* at 2. He sought transfer to the Indiana Supreme

---

[2] In the other case, he pleaded guilty to possession of cocaine and was sentenced to 180 days in prison. *State of Indiana vs. Lomax*, No. 49F09-9502-DF-14272 (Marion Sup. Ct. closed Feb. 4, 1995.)

2

Court, but his petition was denied without comment. *Lomax v. State of Indiana*, 257 N.E.3d 777 (Ind. 2025).

On May 28, 2025, he tendered his federal petition to prison officials for mailing. [DE 1 at 5.] He raises one claim that he is "being held beyond his end-of-sentence date." [*Id.* at 3]. The supporting facts he provides are confusing, but as best I can tell, he is claiming that the state court erred in concluding that he was not sentenced to a habitual offender enhancement in the 1995 case. [*Id.*]

## Discussion

As a threshold matter, a state prisoner seeking federal habeas relief must show that he is "in custody" pursuant to the state court judgment he challenges. *See* 28 U.S.C. § 2254(a); *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001). A habeas petitioner cannot be "in custody" pursuant to a state sentence that has been fully executed. *Coss*, 532 U.S. at 401; *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Here, it is evident from the petition and public records that Lomax was sentenced to serve six years in 1995—a full 30 years ago. There is nothing before me to suggest Lomax is still serving his sentence for the 1995 drug conviction. In fact, public records reflect that Lomax is currently serving a sentence for a murder committed in Marion County in 2001, suggesting he completed his sentence in the drug case and was released from prison sometime prior to 2001. Notably, it was that 2001 murder case—not this one—where Lomax was found guilty of being a habitual offender. *See Lomax*, 2008 WL 615385, at *1. Lomax previously challenged the 2001 murder conviction in a federal habeas petition, which was dismissed as untimely. *See Lomax v. Superintendent*,

3

3:08-CV-507-JTM (N.D. Ind. closed Jan. 20, 2009). He later filed unauthorized successive petitions attempting to challenge the murder conviction again. *Lomax v. Warden*, No. 3:22-CV-499-DRL-MGG (N.D. Ind. closed July 1, 2022); *Lomax v. Superintendent*, No. 3:19-CV-254-PPS-MGG (N.D. Ind. closed Apr. 2, 2019).

The mere fact that he is currently in prison serving another sentence does not mean he can challenge an old conviction for which the sentence has been completed. *See Maleng*, 490 U.S. at 490–91 ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). Because he is no longer "in custody" for the 1995 cocaine-dealing conviction, he cannot challenge it in a federal habeas petition.

Even if he could overcome this threshold procedural problem, his petition was not timely filed. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Lomax's conviction became final prior to the adoption of AEDPA, and he therefore had one year from the date of its enactment, or until April 1997, to pursue federal habeas relief. *De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009). He did not file a federal petition by that deadline, nor did he file anything in state court that would have tolled the federal deadline. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Instead, he waited until 2023 to seek state post-conviction relief. However, the federal deadline had long since expired when he filed his state post-conviction petition. The state court's denial of his post-conviction petition did not "restart" the federal deadline or open a new "window" for habeas review. *De Jesus*, 567 F.3d at 942-43. Therefore, the petition is untimely by a matter of decades.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Lomax states as follows:

> My post conviction petition was delayed by Marion Superior Court for years. My petition was denied as an "unauthorized successive petition." However, this was not correct: My post-conviction petition was re-filed, and then reissued a 'new' PCR Cause Number by Marion Superior Court. This post-conviction petition, delayed for years by the court, challenges my being held illegally. . . Indiana Court of Appeals' opinion is that I am

5

> not serving an habitual offender count for Cause No. 49G02-9503-CR-29272 I am therefore being held beyond my sentence for a cause from 1995, with a six (6) year sentence, illegally. This claim was first asserted by state in 2024. State appeal finished on 4/24/2025.

[DE 1 at 5] (errors in original).

His statements do not excuse the untimeliness of his petition. Regarding the delay he references, it can be discerned from the docket in his post-conviction case that because of the age of the criminal case he was challenging, it took the better part of a year for the court to locate relevant records. *See Lomax*, No. 49D28-2303-PC-008449. He is also correct that his petition was initially treated as an unauthorized successive petition and then reopened, which resulted in a brief delay. *See id.*; *Lomax*, No. 49D28-2302-PC-003489. Regardless of these delays, Lomax did not initiate the state post-conviction process until 2023, which was years after the deadline for seeking federal habeas relief had expired. "[A] state proceeding that does not begin until the federal year has expired is irrelevant" for statute of limitations purposes. *De Jesus*, 567 F.3d at 942. "Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review[.]" *Id.*

There is also no basis to conclude that any other provision of § 2244(d) applies to delay the accrual of his claims. There is no indication his claim involves a new factual predicate, nor is his claim based on a new Supreme Court case made retroactive to cases on collateral review. He also does not assert that a state-created impediment prevented him from filing his federal petition on time.

6

I have also considered whether equitable tolling applies even though he has not expressly invoked this doctrine. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "an extraordinary remedy that is rarely granted." *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) (citation and internal quotation marks omitted). It applies when some "extraordinary circumstance" beyond the petitioner's control prevented timely filing. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020). Lomax's lack of awareness of the federal deadline or unfamiliarity with applicable law does not provide grounds for tolling. *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). I find no basis to conclude that equitable tolling is warranted under the facts of this case. Therefore, the petition must be dismissed.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As outlined above, Lomax is no longer in custody pursuant to the 1995 conviction he seeks to challenge and, even if he was, his petition is untimely by a number of years. He does not provide an arguable basis for excusing its untimeliness. I find no basis to conclude that reasonable jurists would debate the outcome of the petition, and he will not be granted a certificate of appealability.

For these reasons, the Court:

(1) **DISMISSES** the petition [DE 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) **DENIES** the petitioner a certificate of appealability; and

(3) **DIRECTS** the clerk to close this case.

**SO ORDERED**.

ENTERED: July 9, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT